IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MEGAN M. GIAMPIETRO and         :
SAMUEL GIAMPIETRO                :           CIVIL ACTION
                                 :
    v.                           :
                                 :
VIATOR, INC. and                 :
TRIPADVISOR LLC                  :           NO. 15-3920

MEMORANDUM

Dalzell, J.                                         September 29, 2015

## I. Introduction

We consider here defendants' motion to dismiss plaintiffs Megan and Samuel Giampietro's complaint. The Giampietros are suing defendants Viator, Inc. and TripAdvisor LLC in connection with a scooter accident that happened while they were on vacation in Italy. The Giampietros oppose defendants' motion. We have jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the complaint.

### III.     Factual Background

Megan and Samuel Giampietro, who are married, live in Cheltenham, Pennsylvania. Compl. at ¶ 1. Viator, Inc. and TripAdvisor LLC "are corporations engaged in the business of providing travel related services and tours through their websites which also include reviews of travel related destinations and tours." Id. at ¶ 5. The Giampietros allege that the defendants' "business model is an internet based travel services company whose services are sold to customers wherein the point of sale is at the customer's location," and that the defendants

2

"provided side tours in various locations throughout the world, including the placement of its customers with tour operators." Id. at ¶¶ 9-10.

The Giampietros booked a vacation to Italy through Viator. Id. at ¶ 15. At Viator's "suggestion/recommendation," they also booked the "Chianti Small Group Vespa Tour." Id. at ¶ 16. Viator's advertisement for this tour stated that it would have no more than ten people, involve travel on quiet and scenic roads, and begin with a thirty minute orientation session on how to safely ride a Vespa. Id. at ¶¶ 20-21.

On June 30, 2013, while on their vacation, the Giampietros began their Vespa tour in Florence, Italy. Id. at ¶¶ 15-17. Florencetown Vespa ran the tour. Id. at ¶ 31. The tour was not as advertised -- there were in fact about twenty people, travel was mainly on busy roads with heavy two-way traffic and no shoulders, and the orientation lasted only ten minutes. Id. at ¶¶ 22-24. While on the tour, Megan's Vespa stalled twice, but the tour conductor told her that her Vespa "would be okay" and that she should continue to use it. Id. at ¶ 17. When Megan's Vespa stalled a third time, she fell and sustained serious injuries, including third degree burns, a loss of consciousness, injuries to her lips and eyes, and a concussion. Id. at ¶¶ 18, 26, 28.

On August 8, 2014, about one year after Megan's accident, TripAdvisor purchased Viator. Id. at ¶ 4. The Giampietros allege that this purchase subjects TripAdvisor to "successor liability." Id.

The Giampietros also allege that Viator and, by dint of successor liability, TripAdvisor, are liable for Megan's injuries, and Samuel's concomitant loss of consortium, because they failed to use reasonable care in selecting local tour providers; failed to warn the Giampietros of the unsafe conditions and dangers of the Vespa tour; failed to select a competent tour provider; negligently misrepresented the tour; failed to provide proper control and supervision of the tour;

negligently selected Florencetown Vespa as the tour provider; failed to investigate the operations and conduct of the tour provider; and continued to place customers with Florencetown Vespa operators even after learning of problems with its scooters and that the tours were conducted on heavily trafficked roads. Id. at ¶ 31.

**IV.    Discussion**

In their motion to dismiss, TripAdvisor and Viator contend that TripAdvisor is not a proper party, that neither TripAdvisor nor Viator owed Megan Giampietro a direct duty of care, that Florencetown Vespa was neither defendant's agent, that Samuel Giampietro has no loss of consortium claim, and that the Giampietros have failed to join two indispensable parties. We consider these contentions in turn.

**A.    Whether TripAdvisor Is A Proper Party**

TripAdvisor argues that it had no association with Viator until it acquired its co-defendant on August 8, 2014 -- more than a year after Megan Giampietro's June 30, 2013 accident. Mot. at 5. As a result, TripAdvisor contends that it could only be sued under a theory of successor liability based on its purchase of Viator, but that none of the specific circumstances that would impose such liability are alleged in the complaint. Id. at 6-7. The Giampietros respond that without any discovery, they cannot adequately respond to TripAdvisor's claim that it should be dismissed because in some circumstances, the purchaser of a corporation may be liable under a theory of successor liability. Pl. Resp. at 6.

Under Pennsylvania law, a purchaser of a corporation is not responsible for the debts and liabilities of the company it buys simply because of the acquisition. Continental Ins. Co. v. Schneider, Inc., 873 A.2d 1286, 1291 (Pa. 2005). This general rule of non-liability can be

4

overcome by demonstrating that (1) the purchaser expressly or implicitly agreed to assume liability, (2) the transaction amounted to a consolidation or merger, (3) the purchasing corporation was merely a continuation of the selling corporation, (4) the transaction was fraudulently entered into in order to escape liability, or (5) the transfer was made without adequate consideration and no provisions were made for the creditors of the selling corporation. Id.

In their complaint, the Giampietros allege that TripAdvisor is liable to them under a theory of successor liability because it purchased Viator's interests. Compl. at ¶ 3. While the Giampietros do not make any more specific factual allegations as to the legal mechanics of TripAdvisor's acquisition of Viator, that is not fatal to their claim against TripAdvisor at this procedural juncture. The factual allegation of TripAdvisor's purchase of Viator states a facially plausible claim to relief against TripAdvisor and we will therefore deny TripAdvisor's motion to dismiss based upon it being an improper party.

### B.   Whether Defendants Owed Megan Giampietro A Direct Duty Of Care

TripAdvisor and Viator argue that they are not travel agents and therefore owed no duty of care to Megan Giampietro. Mot. at 8. Defendants claim that they "are websites that aggregate user recommendations and serve as an online information resource and ticket agent for travelers…to research, plan and execute their own itineraries." Id. The Giampietros argue that Viator advertises itself as a travel agency, Viator referred to the Vespa tour the Giampietros booked as "their product," and both defendants "hold themselves out as the world's leading resource for researching, finding and booking the best travel experiences worldwide." Pl. Resp. at 7.

Pennsylvania law imposes some duty of care on travel agents, which may include selecting appropriate travel providers and conducting reasonable investigations of the travel providers they book. Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 370 (E.D. Pa. 2000) (discussing cases). But TripAdvisor and Viator protest that Megan Giampietro "cannot show that either Defendant took any affirmative action to directly assist in making their travel arrangements thereby assuming Plaintiffs' care." Mot. at 8-9.

In their complaint, the Giampietros aver that TripAdvisor and Viator "are corporations engaged in the business of providing travel related services and tours through their websites which also include reviews of travel related destinations and tours." Compl. at ¶ 5. The complaint characterizes defendants as owning and operating "a travel and tour service" and providing "side tours in various locations throughout the world, including the placement of its customers with tour operators." Id. at ¶¶ 9-10. The Giampietros aver that upon Viator's recommendation, they booked the Vespa tour in Florence, but the tour was not as advertised in terms of the number of people on the tour, the safety briefing and Vespa orientation, and the condition of the roads to be travelled by scooter. Id. at ¶¶ 16-17.

Accepting the factual allegations in their complaint as true, the Giampietros booked some portion of their vacation in Italy through Viator, including the ill-fated Vespa tour, and relied upon Viator's characterization of the tour when selecting it. For purposes of this motion to dismiss, the complaint contains sufficient factual matter, accepted as true, to state a facially plausible claim to relief against Viator for breach of a duty of care it owed to the Giampietros as a travel agent. We will therefore deny defendants' motion to dismiss the claim that they owed Megan Giampietro no direct duty of care.

      C.      **Whether Florencetown Vespa Is The Defendants' Agent**

TripAdvisor and Viator move to dismiss on the basis that they cannot be held vicariously liable for Florencetown Vespa's actions, and that the complaint's allegation that Florencetown Vespa is the defendants' agent is both conclusory and "woefully insufficient to establish a claim that is plausible on its face." Mot. at 10. In the complaint, the Giampietros allege that they booked a "Chianti Small Group Vespa Tour" through Viator, and when they arrived in Florence, Italy, the tour was operated by Florencetown Vespa. Compl. at ¶¶ 16-17. The Giampietros also allege that the tour operators were "agents of the Defendants." Id. at ¶ 19.

As we have already found that the complaint states a facially plausible claim to relief on the basis of Viator's independent duty to the Giampietros, we need not decide nor consider at this stage whether the defendants were also vicariously liable to the Giampietros for Florencetown Vespa's actions. We will therefore decline to grant defendants' motion to dismiss the complaint on this basis.

      D.      **Loss Of Consortium**

In Pennsylvania, a spouse's claim for loss of consortium derives from the injured spouse's recovery in tort, and therefore depends upon the substantive merit of the injured spouse's claim. Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc., 557 A.2d 21, 22 (Pa. Super. Ct. 1989) (citing Boarts v. McCord, 511 A.2d 204, 209 (Pa. Super. Ct. 1986)). As Megan Giampietro's negligence claim against TripAdvisor and Viator survives this motion to dismiss, so too does Samuel Giampietro's claim for loss of consortium. We will therefore deny the defendants' motion to dismiss Count II of the complaint.

**E.     Whether The Giampietros Failed To Join Indispensable Parties**

TripAdvisor and Viator contend that Florencetown Vespa, the tour operator, and Piaggio & C. S.p.a., the manufacturer of Vespa, are indispensable parties whom the Giampietros have failed to join. Motion at 12-13. The Giampietros respond that the defendants' advertisements and solicitations for the tour did not mention either Florencetown Vespa or Piaggio. Pl. Resp. at 9.

We must first determine whether these absent parties are necessary under Fed. R. Civ. P. 19(a). If they are not, we need inquire no further. See, e.g., Hall v. National Serv. Indus., Inc., 172 F.R.D. 157, 159 (E.D. Pa. 1997). If they are necessary and should be joined, but their joinder is not feasible because joinder would defeat diversity or deprive the court of subject-matter jurisdiction, then we next determine whether the absent parties are indispensable[1] under Fed. R. Civ. P. 19(b). See, e.g., General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).

Fed. R. Civ. P. 19(a)(1)(A) provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if…in that person's absence, the court cannot accord complete relief among existing parties." It is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. Temple v. Synthes Corp, Ltd., 498 U.S. 5, 7 (1990). The Advisory Committee Notes to Rule 19 explain that the rule "is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like

---

[1] If a party who is required to be joined if feasible under Fed. R. Civ. P. 19(a) cannot be joined, then "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). We consider several factors, including: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b)(1)-(4).

8

liability." <u>See also</u> <u>Temple</u>, 498 U.S. at 7 (explaining that the 1966 revision to Rule 19 did not change this principle).

We turn first to whether Piaggo is a necessary party. Defendants make much of Megan Giampietro's allegation that "<u>As a result of the stalled Vespa</u>, Plaintiff sustained various burns, injuries and damages as set forth below." Mot. at 13 (citing Compl. at ¶ 26 and adding emphasis). Defendants neglect, however, to quote ¶ 26 in full, which continues, "Plaintiff's burns, injuries and damages were the direct and proximate result of Defendants' negligence." Compl. at ¶ 26. But that is the extent of Megan Giampietro's complaint about the Vespa. There are no allegations of defective design or manufacture implicating the Vespa's manufacturer. It is the defendants who allege that "it is clear that a defective part or manufacturing process by the Vespa manufacturer may have jointly or proximately caused or could be the superseding/intervening cause of Plaintiff's injuries and resulting damages." Mot. at 13. That may be the defendants' theory, but it is not in the complaint. Furthermore, we can accord complete relief among the existing parties -- the Giampietros, TripAdvisor, and Viator -- without joining Piaggio, as Megan Giampietro's claims pertain to Viator's recommendation of the Vespa tour, not any defect in her Vespa. We therefore find that Piaggio is not a necessary party under Fed. R. Civ. P. 19(a).

We next consider whether Florencetown Vespa is a necessary party. Though the complaint contains no header designating a "Count I," a fair reading suggests that Count I is Megan Giampietro's negligence claim against TripAdvisor and Viator and Count II is Samuel Giampietro's derivative claim for loss of consortium. <u>See</u> Compl. at ¶¶ 31-33 (alleging various negligent actions undertaken by defendants) and ¶¶ 42-44 (claiming loss of consortium). Megan Giampietro alleges that Viator and TripAdvisor were negligent for failing to use reasonable care

9

in selecting a local tour provider; failing to warn her of the unsafe conditions and dangers of the tour; failing to select a competent provider for the tour; negligent misrepresentation; failing to provide proper control and supervision of the tour; failing to exercise reasonable care under the circumstances; negligently selecting Florencetown Vespa as the tour provider; failing to investigate the operations and conduct of the tour provider; and continuing to place its customers with the tour provider after learning of problems with its operations, vehicles, and where the tour was conducted. Id. at ¶ 31. Defendants argue that Florencetown Vespa is a necessary party because the Giampietros "must first prove as a threshold matter that it was the negligence or carelessness of Florencetown Vespa that proximately caused her injuries." Mot. at 14.

But that is not the test of Fed. R. Civ. P. 19(a), which asks whether, without the absent party, the Court can accord complete relief among the existing parties, or whether the absent party is situated such that disposing of the action without it will either impair its ability to protect its interest in the subject of the action or leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1). While Florencetown Vespa's conduct may be relevant to establishing a causal chain as an evidentiary matter, Florencetown Vespa itself does not need to be a party in this action to accord relief among the existing parties -- the Giampietros, TripAdvisor, and Viator. Nor does Florencetown Vespa's absence subject an existing party to a substantial risk of double, multiple, or otherwise inconsistent obligations. See, e.g., Manufacturers & Traders Tr. Co. v. Minuteman Spill Response, Inc., 999 F. Supp. 2d 805, 815-16 (W.D. Pa. 2013) (explaining that even though the Commonwealth's absence from a case might pose "unusual challenges" in according relief among the existing parties, the Commonwealth was not a necessary party because relief could be accorded).

As we conclude that Piaggio and Florencetown Vespa are not necessary parties, we need not consider whether their joinder is feasible and, as they are not necessary, they cannot be indispensable.[2] We will therefore deny defendants' motion to dismiss on that basis.

V.     **Conclusion**

Megan and Samuel Giampietro have alleged sufficient factual matter in their complaint to state facially plausible claims to relief against both TripAdvisor and Viator, and Piaggio and Florencetown Vespa are neither necessary nor indispensable parties under Fed. R. Civ. P. 19. We will therefore deny the defendants' motion to dismiss. An appropriate Order follows.

BY THE COURT:


 /s/ StewartDalzell, J.
Stewart Dalzell, J.

---

[2] Further, an absent tortfeasor that is jointly liable to the claimant is not a Rule 19 indispensable party. Bank of America Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988) (citing Gold v. Johns-Mansville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)). See, e.g., Cushman & Wakefield, Inc. v. Backos, 129 B.R. 35, 37 (E.D. Pa. 1991) (defendant's right to contribution or indemnity from an absent party does not render the absent party indispensable under Rule 19); Carter v. Dover Corp., Rotary Lift Div., 753 F. Supp. 577, 579 (E.D. Pa. 1991) (absent tortfeasors who may be jointly liable to the plaintiff are not indispensable parties under Rule 19); Ospina v. Department of Corr., State of Del., 749 F. Supp. 572, 581 (D. Del. 1990) (plaintiff's failure to join healthcare providers in his suit against the prison where he was injured was not fatal to suit because the healthcare providers, as joint tortfeasors, were not indispensable parties).